**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NICHOLAS DUPREE**<br>                    **Petitioner,**<br><br>        v.<br><br>**JOHN E. WETZEL,** *et al*.<br>                    **Respondents.** | **CIVIL ACTION NO. 21-1944** |

**<u>MEMORANDUM OPINION</u>**

**Rufe, J.**                                                    **December 20, 2021**

In the spring of 2020, Petitioner Nicholas Dupree filed parallel petitions seeking writs of *habeas corpus* under 28 U.S.C. § 2254 in both the Eastern and Middle Districts of Pennsylvania, making substantially identical claims. The petition filed in the Middle District was transferred here under the caption listed above. Magistrate Judge Carol Sandra Moore Wells has issued a Report and Recommendation that recommends dismissing this petition as duplicative. For the reasons described herein, the Report and Recommendation will be approved and adopted, and the petition originally filed in the Middle District of Pennsylvania will be dismissed for lack of subject matter jurisdiction.

## I.   BACKGROUND

On April 4, 2020, Dupree filed a petition in the Eastern District of Pennsylvania (the "EDPA Petition").[1] About a month later, Dupree filed a second petition in the United States

---

[1] Pet. Writ *Habeas Corpus*, *Dupree v. Wetzel*, No. 20-2392 (E.D. Pa filed April 8, 2020) [Doc. No. 2] (hereinafter "Original EDPA Petition").

District Court for the Middle District of Pennsylvania (the "MDPA Petition").[2] Dupree characterizes this duplicative filing as the result of confusion during the period in which emergency orders related to the COVID-19 pandemic disrupted prison and court operations.[3] Upon motion of Respondents, the MDPA Petition was transferred from the Middle District of Pennsylvania to this Court on April 28, 2021.[4]

When the MDPA Petition was transferred to this Court, Dupree notified the Court that it was duplicative of the EDPA Petition and that he wanted to proceed with the EDPA petition.[5] Magistrate Judge Wells therefore has recommended that the MDPA Petition be dismissed.[6]

## II. LEGAL STANDARD

28 U.S.C. § 2244(b) bars "second or successive" *habeas* petitions unless the petitioner has been granted leave to file such petition by the applicable court of appeals.[7] Where a *habeas* petition is determined to be "'second or successive' within the meaning of 28 U.S.C. § 2244(b)," district courts are deprived of the subject matter jurisdiction to hear that petition without authorization from the appropriate court of appeals.[8] This jurisdictional bar applies in cases like this one, where a petitioner files a parallel *habeas* petition while another petition is pending.[9] As

---

[2] Pet. Writ *Habeas Corpus* [Doc. No. 1] (hereinafter "Original MDPA Petition"). This petition was originally docketed under the case name *Dupree v. Wetzel.*, No. 20-878 (M.D. Pa. filed May 29, 2020). Dupree is in custody at SCI-Brenner Township, which is in the Middle District.

[3] Letter June 24, 2021 [Doc. No. 37].

[4] Order April 26, 2021 [Doc. No. 31].

[5] Letter June 24, 2021 [Doc. No. 37].

[6] R. & R. [Doc. No. 38].

[7] 28 U.S.C. §2244(b)(3)(A).

[8] *Benchoff v. Colleran*, 404 F.3d 812, 815 (3d Cir. 2005).

[9] *See Benchoff*, 404 F.3d at 820–21 (holding that a *habeas* petition filed while another *habeas* petition from the same petitioner was pending before the district court would be considered "second or successive" where the second petition raised no claims that could not have been asserted in the first petition).

2

the bar on second or successive petitions "goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte*" all issues relating to that requirement.[10]

## III.  DISCUSSION

Here, the original EDPA Petition contains fourteen pages of legal arguments and an additional thirty-two pages of exhibits.[11] The original MDPA Petition, filed a month and a half afterwards, contains only four pages of legal arguments and no exhibits, requests the same relief as the EDPA Petition, and appears to be composed largely of paragraphs copied from the EDPA Petition.[12] Each petition contains the same core legal argument: that the charging instrument underlying Dupree's conviction is fraudulent because a copy provided to petitioner in 2017 was certified by the then-acting Philadelphia District Attorney, Kathleen Martin, rather than the District Attorney who was in office when the charging instrument was initially presented in 2010.[13]

---

[10] *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

[11] *See generally* Original EDPA Petition.

[12] *Compare* Original MDPA Petition ¶¶ 1–5, 7–8, 10, 12, 14, *with* Original EDPA Petition ¶¶ 11, 25–26, 35, 37, 50, 52–53, 58.

[13] *See* Am. Pet. Writ *Habeas Corpus* [Doc. No. 9] at 4–8; Exs. Am. Pet. Writ *Habeas Corpus* [Doc. No. 9-1] at Ex. 2; Am. Pet. Writ *Habeas Corpus*, *Dupree v. Wetzel*, No. 20-2392 (E.D. Pa filed April 8, 2020) at 2–16, Ex. 2 (hereinafter "Amended EDPA Petition").

Both petitions have been amended, and the amended MDPA Petition also asserts a one-paragraph claim of actual innocence, based on a letter dated 2011 and purportedly from Dupree's alleged victim. *See* Am. Pet. Writ *Habeas Corpus* [Doc. No. 9] ¶ 30; Exs. Am. Pet. Writ *Habeas Corpus* [Doc. No. 9-1] at ECF page 32. Although Dupree amended the EDPA Petition four months after he asserted this claim in the amended MDPA petition, for reasons that are unclear this claim is not included in the EDPA petition. A petition that raises a new claim will be barred as second or successive "where [the petition] raises a claim that could have been presented in the earlier *habeas corpus* petition." *In re Anderson*, 446 F. App'x 441, 442 (3d Cir. 2011) (citation omitted).

**IV.  CONCLUSION**

The MDPA Petition currently before this Court represents a second or successive *habeas* petition and is barred by 28 U.S.C. § 2244(b). This Court has no subject-matter jurisdiction to hear arguments on the merits of this case, and this case will be dismissed in accordance with Judge Wells's Report and Recommendation.[14] An appropriate order will be entered.

---

[14] Even if this Court did have subject matter jurisdiction over the MDPA Petition, it would nevertheless be proper to proceed only with the EDPA Petition under the first-filed case rule. In such a circumstance, the MDPA Petition would either be dismissed under the first-filed case rule as "truly duplicative," stayed pending a decision on the EDPA Petition, or consolidated with the EDPA Petition pursuant to Federal Rule of Civil Procedure 42. *See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 220–21 (3d Cir. 2016). Indeed, Dupree himself has characterized the MDPA Petition as "duplicative of the matter pending [as Civil Case] No. 20-cv-2392," described the EDPA Petition as the "principal action," and indicated an intent to proceed with the EDPA Petition rather than the MDPA Petition. Letter June 24, 2021 [Doc. No. 37].

4